## Case No. 791.

### BALCH v. COLMAN et al.

[2 McLean, 85.] [1]

Circuit Court, D. Indiana. May Term, 1840.

NEGOTIABLE INSTRUMENTS—RATE OF EXCHANGE—MEASURE OF DAMAGES.

1. The rate of exchange between two places is not exclusively regulated by the expense of transporting specie from one place to the other.

2. The true rule is the current rate at which drafts on New York sell in specie, or its equivalent, at Lafayette, the two points named in the contract.

[At law. Action on a promissory note by John T. Balch against Isaac and Samuel Colman and others.]

Messrs. Ingram and Baird, for plaintiff.

OPINION OF THE COURT. This action was brought on a promissory note for $536, payable at the Lafayette Bank, with the rate of exchange between the place of payment and the city of New York. At the time the note was given the Lafayette Bank, and the other banks of Indiana, redeemed their notes with specie; but having suspended specie payments for some months past, a question was raised, what shall be the rate of exchange which the plaintiff has a right to demand? Shall it be the present rate of difference between the depreciated currency of the state and funds in New York; or, shall it be the ordinary rate of exchange between specie, or its equivalent, at Lafayette, and funds in the city of New York? The judgment of this court is not given to be discharged in depreciated currency. The plaintiff has a right to demand specie, or its equivalent; and we can not regard the amount, which he has a right to recover by way of exchange, as of less value than specie. When the contract to pay the exchange was made, both parties, no doubt, looked to a sound circulating medium, convertible into specie, and, of course, of value equal to specie. And, in such a state, how is the rate of exchange to be ascertained? It

[1] [Reported by Hon. John McLean, Circuit Justice.]

is clearly not by ascertaining what would be the expense of transporting specie from the place of payment to the city of New York. This, undoubtedly, enters into the general calculation on the subject, and has great influence in fixing the rate, but there are other ingredients which must be looked to in making an estimate. Specie is not transported at the same rate as other merchantable commodities. There is the risk, the insurance, the delays, and other contingencies, which are taken into the account; and, not unfrequently, the scarcity or abundance of specie at the place of remittance, has an important effect on the price of exchange. The only correct rule, therefore, is to ascertain the ordinary rate of exchange between the two places; to be established by evidence, the same as the value of any other thing. The inquiry of the jury should be, what was the current price of drafts, in specie, or its equivalent, on New York, at Lafayette, at the time this note became payable. This must give the rate of damages which the plaintiff claims, for the difference of exchange between the two places.